UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24533-BLOOM/Elfenbein

SOCORRO SANTOS,

    Plaintiff,

v.

CHERY NAHUM, and
TESLA, INC.,

    Defendants.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff Socorro Santos's Motion to Remand to State Court ("Motion"), ECF No. [19]. Defendants Chery Nahum and Tesla, Inc. (collectively "Defendants") filed a Response in Opposition, ("Response"), ECF No. [20], to which Plaintiff filed a Reply, ECF No. [24]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

### I. BACKGROUND

This action stems from a motor vehicle accident involving Plaintiff and Defendant Nahum Chery ("Chery"). ECF No. [1]. The Complaint alleges that Defendant Chery negligently operated or maintained a vehicle owned by Defendant Tesla, Inc. ("Tesla"), that collided with the Plaintiff's vehicle. ECF No. [1-1] ¶ 6. As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. *Id.* at ¶¶ 7, 10, 13. The

Case No. 24-cv-24533-BLOOM/Elfenbein

Complaint asserts three Counts: (1) Negligence against Defendant Chery (Count I); (2) Dangerous Instrumentality against Defendant Tesla (Count II); and (3) Vicarious Liability against Defendant Tesla (Count III). ECF No. [1-1]. Plaintiff alleges that the damages exceed the sum of $50,000.00, but that the actual value of Plaintiff's claim will be determined by a fair and just jury. *Id.*

Plaintiff commenced this action in the in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1]. Defendant Chery waived service of the Complaint by filing an Answer on August 6, 2024; Defendant Tesla was served with the Complaint on July 12, 2024. *See* ECF No. [1] at ¶¶ 2-3.

On August 26, 2024, Defendants' counsel advised Plaintiff of Defendants' intention to remove this action, and provided Plaintiff with a proposed Joint Stipulation on Alleged Damages to cap alleged damages and preclude removal. *Id.* at ¶ 4. Defendants also sought responses to its initial discovery on August 26, 2024, which included Defendants' Request for Admissions. ECF No. [1-3]. Defendants' Request for Admissions requested that Plaintiff "[a]dmit the alleged amount in controversy for all claims alleged by Plaintiff in the Complaint exceeds $75,000.00 dollars, exclusive of interest and costs." ECF No. [1-3] at 1. The Request for Admissions also requested that Plaintiff "[a]dmit the alleged amount in controversy for all claims by Plaintiff in the Complaint does not exceed $75,000.00 dollars, exclusive of interest and costs." *Id.* Plaintiff filed and served Responses to the Request for Admissions on October 17, 2024. Plaintiff responded by stating:

> 1. Admit the alleged amount in controversy for all claims alleged by Plaintiff in the Complaint exceeds $75,000.00 dollars, exclusive of interest and costs.
>
> **RESPONSE: Admitted.**
>
> 2. Admit the alleged amount in controversy for all claims alleged by Plaintiff in the Complaint does not exceed $75,000.00,

exclusive of interest and costs.

**RESPONSE: Denied.**

ECF No. [1] at ¶ 7 (quoting ECF No. [1-3]) (emphasis in original).

Defendants filed a Notice of Removal on November 15, 2024. ECF No. [1]. Plaintiff filed the instant Motion, arguing that Defendants fail to meet the amount in controversy requirements because Plaintiff's Responses to Defendants' Request for Admissions were erroneously filed and contrary to the known amount. ECF No. [19]. Plaintiff further contends that even if the amount in controversy requirement was satisfied, Defendants waived their right to remove. *Id.* Defendants respond that Plaintiff's attempt to withdraw the Responses cannot divest this Court of jurisdiction. ECF No. [20]. Defendants also argue that engaging in discovery in the state proceedings did not constitute a waiver of their right to remove this case, and the amount in controversy requirements are satisfied. *Id.* Plaintiff replies that the interrogatory answer is insufficient to support a finding that the jurisdictional threshold has been met.

## II.   LEGAL STANDARD

### A. Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### B. Diversity Jurisdiction

"The jurisdiction of a court over the subject matter of a claim. . . cannot be waived or otherwise conferred upon the court by the parties." *Id*. (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*. at 410.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and "there is complete diversity between all named plaintiffs and all named defendants and no defendant is a citizen of the forum State." 28 USC § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

When the amount in controversy is unspecified, "the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). "A court

4

may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315.

### III.   DISCUSSION

In analyzing the amount in controversy requirement for federal jurisdiction, the Court focuses "on how much is in controversy at the time of removal, not later." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In making this determination, "district courts may make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.'" *Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (quoting *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)). Nevertheless, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007).

Here, Defendants contend their reason for removal was based on Plaintiff's Response to the Request for Admissions, as well as Plaintiff's description of her injuries. *See* ECF No. [1], [20]. In the Response to the Request for Admissions, Plaintiff stated:

> 1. Admit the alleged amount in controversy for all claims alleged by Plaintiff in the Complaint exceeds $75,000.00 dollars, exclusive of interest and costs.
>
> **RESPONSE: Admitted.**
>
> 2. Admit the alleged amount in controversy for all claims alleged by Plaintiff in the Complaint does not exceed $75,000.00, exclusive of interest and costs.
>
> **RESPONSE: Denied.**

ECF No. [1] at ¶ 7 (quoting ECF No. [1-3]) (emphasis in original).

Further, in response to Defendants Interrogatories, Plaintiff indicated that she sustained injuries, which include, "loss of memory, confusion, in which has affected [Plaintiff] in every way in [Plaintiff's] personal life . . . constant back pains, neck pains, pain that goes from back of neck to lower back and blinking of the eyes." ECF No. [20] at 7. As alleged in Plaintiff's Complaint, Plaintiff

> [S]uffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

ECF No. [1-1] at ¶ 7, 10, 13. The Complaint also alleges that her automobile is damaged and "she [has] lost the use of it during the period required for its repair or replacement." *Id.* at ¶ 13.

Plaintiff argues Defendants failed to satisfy the amount in controversy requirement because the Response to the Request for Admissions was erroneously filed, and Plaintiff's actual damages total $3,827.96. ECF No. [19]. Defendants respond that the analysis must focus on how much is in controversy at the time of removal, not later, and thus, Defendants have proven the amount in controversy exceeds $75,000 by a preponderance of the evidence. ECF No. [20].

To support her contention, Plaintiff provides an affidavit from Plaintiff's counsel, attesting that she inadvertently filed the erroneous response, and that she did not have the authority to respond in that manner. ECF No. [18]. Defendants urge the Court to not consider Plaintiff's counsel's affidavit because the Court's analysis should focus on the amount in controversy at the time of removal – i.e., Plaintiff's response admitting the amount in controversy exceeds $75,000. ECF No. [20]; *see Burt Co. v. Clarendon Nat'l Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010) ("[E]vents occurring after removal, . . . which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction.").

Defendants' argument is unpersuasive for two reasons. First, the Court may "consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) ("[W]hen a defendant's assertion of the amount in controversy is challenged . . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."). Thus, the Court considers Plaintiff's counsel's affidavit in determining whether the amount in controversy has been satisfied. *See Hernandez v. Mt. Hawley Ins. Co.*, Case No. 23-cv-23036-BLOOM/Torres, 2023 WL 8445895, at *4 (S.D. Fla. Dec. 6, 2023) (considering the plaintiff's argument that an admission to the amount in controversy was a scrivener's error, even though the plaintiff corrected the scrivener's error post-removal). The affidavit clarifies that at the time of removal, Plaintiff did not intend to admit that the amount in controversy threshold was met, and therefore, the Responses to the Request for Admissions are not an "unambiguous statement that clearly establishes federal jurisdiction." *Lowery*, 483 F.3d at 1213 n.63.

Moreover, the Court does not rest its conclusion on a singular admission – that is disputed – when Defendants have failed to set forth any other evidence to show that the amount in controversy exceeds $75,000. "Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000." *Hickerson v. Enter. Leasing Co. of Ga, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020). However, if the injuries are more short-term and minor, or the pleadings provide no specific facts in support of removal, removal "would be speculation and therefore improper." *Id*. That is the case here.

This case is comparable to *Shapiro v. NuVasive, Inc.*, Civil Action No. 18-23602-Civ-Scola, 2019 WL 275689 (S.D. Fla. Jan. 22, 2019). There, the plaintiff sought to recover for two

7

spinal surgeries and an assortment of injuries. 2019 WL 275689, at *1. The complaint did not specify, nor did the defendant provide, the cost of either surgery, the cost of medical expenses, or the severity of the plaintiff's injuries. *Id.* at *2. The court found that such allegations did not provide sufficient factual detail to make reasonable deductions or inferences about the amount in controversy. *Id.* Further, the court emphasized that while courts can make a reasonable inference regarding the amount in controversy, courts cannot assume or guess that the amount in controversy has been met. *Id.*; *see Ransom v. Wal-Mart Stores, Inc.*, 920 F. Supp. 176, 177-78 (M.D. Ga. 1996) ("If the mere allegation that the plaintiff was 'seriously injured' sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court. The amount in controversy requirement would be rendered meaningless.").

Similarly, Defendants have not set forth any factual detail to create an inference that the amount in controversy is satisfied. Plaintiff's injuries include "loss of memory, confusion . . . constant back pains, neck pains, pain that goes from back of neck to lower back and blinking of the eyes." ECF No. [20] at 7. Further, as alleged in Plaintiff's Complaint, Plaintiff "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." ECF No. [1-1] at ¶ 7, 10, 13. Defendants did not provide affidavits, declarations, or other documents with its Notice of Removal that would establish federal jurisdiction, nor did Defendants supplement the record upon the filing of Plaintiff's Motion. The singular, and potentially erroneous, admission that the amount in controversy exceeds $75,000, taken in conjunction with Plaintiff's boilerplate damages allegations, do not lead to a reasonable inference that the amount in controversy is satisfied. *See Shapiro*, 2019 WL 275689, at *2 ("[B]oilerplate damages

allegations fail to inform the Court that [the] case is worth more than $75,000."); *Hickerson*, 818 F. App'x at 884 ("Where . . . the pleadings provided no specific facts to support removal, we have held that removal would be based on speculation and thus improper."); *see also Bolin ex rel. Bolin v. SmithKline Beecham Corp.*, No. 08-60523-CIV, 2008 WL 3286973, at *3 (S.D. Fla. Aug 7, 2008) (injuries of "'immature lung development and severe respiratory problems' in an infant born with 'severe respiratory distress' surpasses the jurisdictional threshold); *Wilssens v. Medtronic, Inc.*, No. 09-60792-CIV, 2009 WL 9151079, at *9 (S.D. Fla. July 2009) (stating that an injury that caused plaintiff to experience a "dangerous amount of electric shocks and damage to . . . vital organs, . . . pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of the ability to earn money, and aggravation of a previously existing condition" combined with allegations that the damage is "permanent and continuing" satisfies the jurisdictional threshold).

Therefore, "[i]n the absence of supporting evidence, the Court cannot conjure up subject matter jurisdiction." *Shapiro*, 2019 WL 275689, at *3. Accordingly, as the amount in controversy is not met, the Court lacks jurisdiction to hear this case.[1]

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand**, ECF No. [19]** is **GRANTED**.

2. The Clerk of the Court is directed to **REMAND** this case to the Eleventh Judicial Circuit in and for Miami-Dade County; and

3. The Clerk of Court is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all

---

[1] As it has been established that the amount in controversy does not surpass the jurisdictional threshold of $75,000, the Court does not reach the issue of whether Defendants have waived their right to removal.

9

Case No. 24-cv-24533-BLOOM/Elfenbein

pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 7, 2025.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record